IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD H. WILLIAMS-BEARDEN, *et al.*, | No. 4:20-CV-1495 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| MRS. M. CLOUSER *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

OCTOBER 12, 2021

I. **BACKGROUND**

On August 20, 2020, Plaintiffs Victor Tovar-Martinez, Howard Herman Williams-Bearden, Jesus Velasquez-Lopez and Jaime Fernando Sanchez, all former inmates confined in the Allenwood Low Security Federal Correctional Institution, (FCI-Allenwood Low) White Deer, Pennsylvania, filed the above captioned *Bivens* action, pursuant to 28 U.S.C. § 1331, alleging that their placement in the Special Housing Unit (SHU) is considered cruel and unusual punishment as well as false imprisonment, and that their Eighth Amendment rights are being violated.[1] The named Defendants are the following FCI-Allenwood employees: Keith Ball, Kathleen Clouser, Liliana Galloza, Gwen Geib, Jessica

---

[1] Doc. 1.

Sage, and Thomas Gubbiotti, Jr.[2]

By Order dated November 25, 2020, Plaintiff, Victor Tovar-Martinez was dismissed from the above-captioned action for failing to either pay the required filing fee or file a properly completed and signed application to proceed *in forma pauperis*.[3]  The remaining Plaintiffs, Williams-Bearden, Velasquez-Lopez, and Sanchez were permitted to proceed with the above captioned action.[4]

On April 26, 2021, Defendants filed a motion to dismiss and for summary judgment[5]  Subsequently, on May 10, 2021, Defendants filed a brief in support of their motion and a statement of material facts.[6]  By Order dated June 11, 2021, this Court directed Plaintiffs to, on or before June 25, 2021, file a brief in opposition to Defendants' motion to dismiss and for summary judgment.[7]  The Order warned Plaintiffs that failure to oppose the motion would result in the motion being granted as unopposed.[8]  No such filing was made.

The docket reveals that the last communication from Plaintiffs, Howard H. Williams-Bearden and Jaime Fernando Sanchez were an April 5, 2021 and May 10, 2021 as notices of change of address.[9]  Plaintiff, Velasquez Lopez has not

---

[2]  *Id*.
[3]  Doc. 21.
[4]  *Id*.
[5]  Doc. 37.
[6]  Docs. 40, 41.
[7]  Doc. 42.
[8]  *Id*.
[9]  Docs. 33, 39.

communicated with the Court since the filing of the above captioned action on August 20, 2020.

For the reasons set forth below, the Court concludes that Plaintiffs have abandoned the above captioned action and will dismiss the action for Plaintiffs' failure to prosecute and failure to comply with a Court Order.

## II. DISCUSSION

District courts have the inherent power to dismiss an action *sua sponte* for failure to prosecute and for failure to comply with a court order.[10]  In *Poulis*, the United States Court of Appeals for the Third Circuit set forth the following six factors that should be considered before dismissing an action for failure to prosecute:  (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the

---

[10]  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991*); see Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (finding the failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis); *Azubuko v. Bell National Organization*, 243 F. App'x. 728, 729 (3d Cir. 2007) (recognizing that a district court "has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and Federal Rule of Civil Procedure 41(b)".

meritoriousness of the claim or defense.[11]  Not all of the *Poulis* factors need be satisfied to dismiss a complaint.[12]

    First, there is no doubt that Plaintiffs, as a *pro se* litigants, have the ultimate and sole responsibility to prosecute their claims and to comport with court orders.[13] As noted above, Plaintiffs initiated this action on August 20, 2020 and, aside from notifying the Court of their change of address, have not communicated with the Court in any manner since the filing of the complaint.  Plaintiffs have failed to abide by Court Order and have neglected to prosecute this case. Specifically, Plaintiffs failed to respond to Defendants' motion to dismiss and for summary judgment, despite being directed to do so by the Court.  As such, the first factor weighs in favor of dismissal.

    The second *Poulis* factor, the prejudice to Defendants caused by Plaintiffs' failure to respond to Defendants' motion, also weighs in favor of dismissal.  A finding of prejudice does not require "irremediable harm."[14]  Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial."[15]  Plaintiffs' failure to litigate this case by responding to Defendants' motion for summary judgment, and failure to comply

---

[11] *Poulis,* 747 F.2d at 868.
[12] *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).
[13] *See Hoxworth v. Blinder Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992).
[14] *Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994).
[15] *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).

with this Court's Order and Court rules requiring them to do so, frustrates and delays the resolution of this matter.  This failure can be seen to prejudice Defendants, who seek a timely resolution of this case.[16]

Third, Plaintiffs have established a history of dilatoriness through their failure to communicate with the Court and to comply with a Court Order.  As noted *supra*, outside of a notice of address change, Plaintiffs have not communicated with the Court.  Plaintiffs have failed to respond to Defendants' motion for summary judgment, have not complied with the Local Rule requiring him to respond, and have not complied with this Court's Order directing them to respond.  The Court finds that Plaintiffs have delayed this matter to the extent that his conduct constitutes a "continuous stream of dilatory conduct."[17]

As concerns the Fourth factor, "[w]illfulness involves intentional or self-serving behavior."[18]  Here, Plaintiffs have violated the local rules, and have failed to comply with a Court order directing them to take specific action in this case, the Court is compelled to conclude that Plaintiffs' actions were not negligent, but

---

[16] *See e.g., Parks v. Argueta*, 1:15-CV-1514, 2016 WL 7856413 at *4 (M.D. Pa. Dec. 5, 2016) (dismissing case where a pro se litigant failed to respond to a pending motion for summary judgment).

[17] *Briscoe v. Klem*, 538 F.3d 252, 261 (3d Cir. 2008). *See also Naslanic v. Gula*, 3:15-CV-2208 2018 WL 1886526 at *4 (M.D. Pa. Mar. 29, 2018) (finding that a pro se litigant's failure to abide by the local rules requiring a response to a summary judgment motion, and failure to abide by court order directing him to respond amounted to a history of dilatoriness) *report and recommendation adopted by* 2018 WL 1886493 (M.D. Pa. Apr. 19, 2018).

[18] *Adams*, 29 F.3d at 874.

instead reflect an intentional disregard for the Court's local rules and its order.[19] Thus, Plaintiffs' silence and failure to litigate this action lead to an inference that Plaintiffs have willfully abandoned this case.

Fifth, a district court must consider the availability of sanctions alternative to dismissal. safety.[20] Given Plaintiffs' *pro se* prisoner status, this Court concludes that they are indigent and, thus, alternative monetary sanctions would not be effective.[21] Moreover, Plaintiffs' failure to comply with this Court's Order directing them to respond to Defendants' motion for summary judgment leads to an inference that further orders would not be effective. Therefore, no other sanction would be effective.

The sixth *Poulis* factor is the meritoriousness of Plaintiffs' claims. In this inquiry, a claim may be deemed meritorious when the allegations of the complaint, if established at trial, would support recover.[22] It is unlikely that Plaintiffs' claims will succeed as they have failed to exhaust administrative remedies.[23] Defendants' undisputed statement of facts reveal that neither Velasquez-Lopez nor Williams-

---

[19] *See e.g., Naslanic*, 2018 WL 1886526 at *4 (finding that a pro se Plaintiff's failure to comply with instructions directing him to take specific actions reflects an intentional disregard for those instructions).
[20] *Poulis*, 747 F.2d at 869.
[21] *See Briscoe*, 538 F.3d at 263.
[22] *Poulis*, 747 F.2d at 870.
[23] *See Pozoic v. Cumberland County Prison*, 2012 WL 114127 (M.D. Pa. 2012) (in analyzing the sixth *Poulis* factor, this Court states that it could not find that the complaint would be successful on the merits because the plaintiff failed to exhaust administrative remedies before bringing his claim. The complaint was dismissed pursuant to Rule 41(b)), *citing Smith v. Pa. Dep't of Corr.*, 2011 WL 4573364 (W.D. Pa. 2011) ("Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies.").

Bearden utilized the Administrative Remedy process by filing an administrative remedy concerning their placement in the SHU.[24] As to Plaintiff Sanchez, the undisputed record reveals that while Sanchez filed Administrative Remedy Nos. 1039648-F2 and 1047646-R1 concerning his placement in the SHU, both remedies were rejected and the record reveals that Sanchez failed to resubmit a compliant filing.[25] In sum, the uncontested record demonstrates that Plaintiffs failed to exhaust administrative remedies prior to bringing the above captioned action.[26] Consequently, the *Poulis* factors weight heavily in favor of dismissing Plaintiffs' complaint for failure to prosecute.

### III. CONCLUSION

Based on the above, Plaintiffs' action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with Court Order.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[24] Doc. 40-1 at 49-57, Administrative Remedy Generalized Retrieval.
[25] Doc. 40-1 at 46-47, Administrative Remedy Generalized Retrieval.
[26] *Ross v. Blake*, —— U.S. ——, 136 S. Ct. 1850, 1856, 195 L.Ed.2d 117 (2016) (holding that the PLRA "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions"); see *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.").